NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

ANNE BOYD, PETITIONER, v. OSCAR ANDERSON, RESPONDENT.

**Domestic Service—Injury to Finger Temporary and Permanent— Respondent's Failure to Appear.**

On petition for compensation, determination and order.

\*    \*    \*    \*    \*    \*    \*    \*    \*

The petitioner being represented by Lucille M. Jessurun, Esq., and the respondent being unrepresented, and it appearing further that the matter was adjourned until June 25th, 1925, in order to give the respondent an opportunity to appear, and notice having been served upon the respondent of such adjournment, and the defendant having again failed to appear, the matter was again adjourned to July 1st, 1925, and notice of said adjournment having been duly served upon the said respondent, the matter finally came to a hearing on July 1st, 1925.

Depositions *de bene esse* of Dr. Joseph Jacobson, who attended and treated the petitioner, were taken before Joseph B. Bloom, a master in chancery of New Jersey, on June 29th, 1925, in pursuance of the Evidence act of 1900.

And it appearing further that by the evidence furnished by the petitioner, there is no dispute as to the defendant's liability, and that the only question to be decided by the court was the question as to the amount of temporary and permanent disability, I do find and determine as follows:

1. The petitioner, Anne Boyd, was on February 10th, 1925, in the employ of the respondent, Oscar Anderson, in the capacity of general houseworker, and said employment was subject to the section 11, chapter 93, public laws of 1911, commonly known as the Workmen's Compensation act, and the amendments and supplements thereto.

2. That on the aforesaid date, and while in said employ, the petitioner was endeavoring to open a faucet in the kitchen, and while so doing caught the index finger of her right hand between the top screw of the faucet and the body of the faucet, and sustained injuries consisting of ankylosis of the first phalangeal articulation of the right index finger; said accident and injury arose out of and in the course of said employment, and there is no evidence that the accident and injury was intentionally self-inflicted, nor that intoxication was the proximate cause thereof.

3. The respondent had actual knowledge of said accident and injury within the time prescribed by the aforesaid act.

4. At the time of said accident and injury, the petitioner was receiving from the respondent a wage of $15 per week.

5. As a result of said accident, and injury, the petitioner has sustained disability partial in character and permanent in quality: Being sixty per cent. loss of the function of the index finger of the right hand, for which the petitioner is entitled to be compensated for a period of twenty-one weeks at the rate of $10 per week, beginning March 28th, 1925, about which time the temporary disability ceased.

6. The petitioner is entitled to compensation from the respondent for temporary disability from February 21st, 1925, to March 28th, 1925, at the rate of $10 per week, and to compensation for permanent disability for twenty-one weeks, beginning March 28th, 1925, at the rate of $10 per week.

7. The petitioner has received no moneys from the respondent, either for temporary disability or for permanent injuries, and there is now due the petitioner from the said respondent, for temporary disability the sum of $60, and for permanent disability the sum of $210, $200 of which has accrued and is now due and owing.

8. The petitioner in this proceeding expended the sum of $11 for medical services, to which she is entitled.

9. Petitioner is further entitled to an allowance of $50 for a counsel fee and all costs of this proceeding.

Wherefore, it is on this 6th day of July, 1925, ordered that judgment final be entered in favor of Anne Boyd, the petitioner, and against Oscar Anderson, the respondent, and that the said respondent do forthwith make payment to the petitioner of the sum of $60 for temporary disability, being for a period of six weeks, at the rate of $10 per week, and $140 for permanent disability, being for a period of fourteen weeks, which has now accrued, at the rate of $10 per week, and the sum of $11 for medical expenses.

It is further ordered that the said respondent, Oscar Anderson, pay to Lucille M. Jessurun, attorney of said petitioner, the sum of $50 as an attorney fee, in accordance with the statute in such case made and provided.

And it is further ordered that the aforesaid amount of compensation in arrears, the medical expenses, the said counsel fee, and the costs of this suit to be taxed, be paid forthwith by the respondent.

HARRY J. GOAS,
*Deputy Commissioner of Compensation.*